**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

GENE PATRICK BAILEY,

Petitioner,

v.

BRAD HOOKS, Warden,

Respondent.

CIVIL ACTION NO.: CV614-107

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Gene Bailey ("Bailey"), who is currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as supplemented, challenging his convictions obtained in the Jenkins County, Georgia, Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Bailey filed a Response. Bailey also filed a Motion to Grant Relief. For the reasons which follow, Respondent's Motion should be **GRANTED** and Bailey's petition should be **DISMISSED**. Bailey's Motion to Grant Relief should be **DISMISSED**.

**STATEMENT OF THE CASE**

Bailey was convicted on September 1, 1998, after entering a guilty plea, in the Jenkins County Superior Court of voluntary manslaughter and possession of a firearm by a convicted felon. He was sentenced to 20 years' imprisonment, to be served concurrently with his sentence in a Jenkins County revocation case, on September 3, 1998. (Doc. No. 7-2). Bailey did not file an appeal.

AO 72A
(Rev. 8/82)

Bailey filed a state habeas corpus petition in the Macon County Superior Court on May 21, 2008. Bailey asserted that his guilty plea was not entered into knowingly and voluntarily and that he was denied effective assistance of counsel. (Doc. No. 7-3) An evidentiary hearing was conducted on August 13, 2010, and Bailey's petition was denied on February 24, 2011. (Doc. No. 7-5). The Georgia Supreme Court denied Bailey's certificate of probable cause to appeal the denial on March 19, 2012. (Doc. No. 7-6).

Bailey executed this petition on June 12, 2014, and it was filed in this Court on October 1, 2014. Respondent alleges that Bailey's petition should be dismissed, as it is untimely.

**DISCUSSION AND CITATION TO AUTHORITY**

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or



AO 72A
(Rev. 8/82)

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Bailey's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Bailey was convicted in the Jenkins County Superior Court on September 1, 1998, and he was sentenced on September 3, 1998. (Doc. Nos. 7-1, 7-2). Bailey had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Bailey did not file an appeal, and his conviction was final on October 5, 1998, as October 3, 1998, was a Saturday. Because Bailey's conviction became final on October 5, 1998, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing



AO 72A
(Rev. 8/82)

after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Bailey's conviction became final on October 5, 1998. He had one year from that date to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for State post-conviction or other collateral review. Bailey filed his state habeas corpus petition on May 21, 2008, nearly ten (10) years after his conviction became final. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and the filing of his state habeas corpus petition did not toll the federal statute of limitations. Bailey's 28 U.S.C. § 2254 petition was not timely filed.

Having determined that statutory tolling is not available to Bailey, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly



AO 72A
(Rev. 8/82)

rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Bailey sets forth no assertion that he is entitled to equitable tolling of the statute of limitations. Bailey offers no reason why he waited nearly ten (10) years after his state court conviction was final to file a state habeas corpus petition. Bailey also offers no reason why he waited more than two and one half (2½) years after the Georgia Supreme Court denied his certificate of probable cause to appeal to file his section 2254 petition. Bailey is not entitled to equitable tolling.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Bailey's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED** as untimely filed. Bailey's Motion to Grant Relief should also be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev. 8/82)