IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| GENE PATRICK BAILEY, | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO.: CV614-107 |
| BRAD HOOKS, Warden, | : | |
| Respondent. | : | |

## ORDER

Presently before the Court are Petitioner Gene Bailey's ("Bailey") Objections to the Magistrate Judge's January 16, 2015, Report and Recommendation. (Doc. 12.) After an independent and *de novo* review of the entire record, the undersigned **overrules** Bailey's Objections, **adopts** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court, **grants** Respondent's Motion to Dismiss, **dismisses** Bailey's 28 U.S.C. § 2254 petition, **dismisses** Bailey's Motion to Grant Relief, and **denies** Bailey's Motion for Contempt.

BACKGROUND

Bailey is currently incarcerated at Johnson State Prison in Wrightsville, Georgia. Bailey was convicted on September 1, 1998, after entering a guilty plea, in the Jenkins County Superior Court of voluntary manslaughter and possession of a firearm by a convicted felon. He was sentenced to 20 years' imprisonment, to be served concurrently with his sentence in a Jenkins County revocation case, on September 3, 1998. (Doc. 7-2.) Bailey did not file an appeal.

Bailey filed a state habeas corpus petition in the Macon County Superior Court on May 21, 2008. Bailey asserted that his guilty plea was not entered into knowingly and

voluntarily and that he was denied effective assistance of counsel. (Doc. 7-3.) An evidentiary hearing was conducted on August 13, 2010, and Bailey's petition was denied on February 24, 2011. (Doc. 7-5.) The Georgia Supreme Court denied Bailey's certificate of probable cause to appeal the denial on March 19, 2012. (Doc. 7-6.)

Bailey executed this petition challenging his Jenkins County convictions on June 12, 2014, and it was filed in this Court on October 1, 2014. (Doc. 1.) The Magistrate Judge determined Bailey's Section 2254 petition was untimely filed under the applicable statute of limitations period and Bailey was not entitled to equitable tolling of the statute of limitations period. (Doc. 12, pp. 2–5.)

DISCUSSION

After a *de novo* review, the Court finds that the Magistrate Judge correctly stated and applied the law on the untimeliness of Bailey's Petition. The Court need not restate that analysis at length herein. However, the Court will address the arguments that Bailey raises in his Objections. Specifically, via his Objections, Bailey raises an Eight Amendment challenge to his sentence and also challenges his sentence as an illegal sentencing enhancement. For the reasons stated below, these Objections do not change the result that Bailey's Petition must be dismissed.[1]

I.  **Eighth Amendment Challenge**

In his Objections, Bailey asserts that his sentence is illegal under the Eighth Amendment. Bailey ostensibly asserts that his sentence constitutes cruel and unusual punishment. A writ of

---

[1] After filing his Objections, Bailey submitted a Letter Motion in which he asks about the status of his "Motion for Reconsideration." (Doc. 15.) It appears that Bailey is referring to his Objections. As Bailey only requested a status report in his Letter Motion, and this Order resolves Bailey's case, his letter Motion is **DENIED** as moot. In his Letter Motion, Bailey contends that the Respondent committed a "violation" by not filing a response to his Objections and that, therefore, his Objections should be considered uncontested. Bailey's argument is misplaced. The Respondent had no obligation to file a response to Bailey's Objections. Respondent has demonstrated throughout this proceeding that he opposes Bailey's request for relief. Moreover, as the Magistrate Judge recommended that the Petition be dismissed, Respondent had no reason to file an objection to the Report and Recommendation.

2

habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment of a court). Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645–46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being subjected to cruel and unusual punishment, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Bailey has brought this action as a habeas petition and has challenged his sentence, not the conditions of his confinement. As the Magistrate Judge correctly concluded, the time for Bailey to file such a petition has long since passed. Therefore, this portion of Bailey's Objections is **overruled**.

## II. Sentence Enhancement Challenge

Bailey also states he is challenging the enhancement of his September 1, 1998, sentence based on Georgia's habitual violator statute. Bailey asserts he can challenge his sentence at any time based on newly discovered evidence of actual innocence. (Doc. 14, p. 2.) Bailey cites to Wilson v. Knowles, 638 F.3d 1213 (9th Cir. 2011), and McKay v. United States, 657 F.3d 1190

3

(11th Cir. 2011), in support of his assertion. However, these cited cases do not support Bailey's requested relief.

In Wilson, the petitioner had been sentenced in 2000 to 25 years' to life imprisonment after the trial judge found Wilson's conviction for driving under the influence was his third strike under California law. 638 F.3d at 1214. The trial judge who presided over Wilson's trial in 2000 examined evidence underlying Wilson's 1993 conviction "and announced: 'So I feel the evidence presented does satisfy me that—and I'll make additional findings as well that the prior conviction alleged for felony driving under the influence of alcohol with . . . personal infliction with great bodily injury alleged as first prior conviction within the meaning of 667(b) through 667(i) and 1170.12 [of the California Penal Code], that that allegation is true.'" Id. Wilson, after pursuing direct challenges to his sentence, filed a Section 2254 petition in federal court, which was denied. Wilson appealed the denial of his petition for writ of habeas corpus. The Ninth Circuit Court of Appeals determined that a state court trial judge could not find additional facts to increase the petitioner's sentence, as these additional facts did not fall within "the prior conviction[ ]" exception of Apprendi v. New Jersey, 530 U.S. 466 (2000).[2] 638 F.3d at 1215. The Ninth Circuit concluded:

> No reasonable judge could rule that a conviction of causing bodily injury was the same as a conviction of causing great bodily injury. No reasonable judge could hold that a charge that might have been made and proved is equivalent to an actual conviction. No reasonable judge could hold that the Apprendi exception was satisfied by a California court, 7 years after the criminal proceedings were completed, making a guess as to what could have been proved if the 1993 prosecution of Wilson had been different.

Id. at 1216.

---

[2] The United States Supreme Court held in Apprendi that, other than the fact of a prior conviction, any fact which increases a defendant's sentence beyond the statutory maximum must be proved to a jury beyond a reasonable doubt. 530 U.S. at 490.

4

The petitioner in McKay had filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and asserted he was sentenced in error as a career offender under the United States Sentencing Guidelines because one of his prior convictions was not a "crime of violence" under the Guidelines. McKay argued before the Eleventh Circuit Court of Appeals that the district court erred in ruling that his claim was not cognizable under § 2255. He also argued that the actual innocence to the procedural default rule excused his procedural default of this sentencing claim.[3] 657 F.3d at 1191–92. The Eleventh Circuit "conclude[d] that McKay procedurally defaulted his claim by failing to raise it on direct appeal and that the actual innocence exception does not apply to McKay's claim of legal innocence[.]" Id. at 1192. The Court noted "for the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence." Id. at 1198–99. To be clear, the Eleventh Circuit noted, agreeing with the Fourth Circuit Court of Appeals, "the actual innocence of sentence exception 'applies in the context of habitual offender provisions *only* where the challenge to eligibility stems from *factual* innocence of the predicate crimes, and *not* from the *legal* classification of the predicate crimes.'" Id. at 1199 (emphases in original) (citation omitted).

---

[3] "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a" collateral proceeding. McKay, 657 F.3d at 1196 (internal citation and punctuation omitted). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" Id. (quoting Massaro v. United States, 538 U.S. 500, 504 (2003)). There are two exceptions to the procedural default rule. A defendant can overcome "application of the procedural default bar by show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Id. (internal citation omitted) (alteration in original). "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." Id. (citing Dretke v. Haley, 541 U.S. 386, 388 (2004)).

The Wilson and McKay decisions provide no support for Bailey's requested relief. Bailey was convicted of voluntary manslaughter and for being a convicted felon in possession of a firearm. Bailey was classified as a recidivist, and the State filed a notice in that regard. (See Doc. 7-1, p. 6; Doc. 7-2.) However, unlike the case in Wilson, there is no evidence that the trial judge presiding over Bailey's state prosecution found additional facts beyond the fact of Bailey's previous convictions and such a finding increased Bailey's sentence beyond the statutory maximum.[4] In addition, Bailey raised an issue regarding his sentence based on his status as a recidivist during his state habeas corpus proceedings, and the state habeas corpus court found Bailey was not entitled to any relief. (Doc. 7-5.) The McKay decision is inapplicable to Bailey, as Bailey arguably did not procedurally default any sentencing claim, and, even if he had, Bailey wholly fails to present any evidence that he is factually innocent of being a recidivist.

Assuming, *arguendo*, Wilson and McKay were applicable to the present Petition, Bailey would not be entitled to his requested relief. As the Magistrate Judge observed, Bailey's Section 2254 Petition was untimely filed pursuant to 28 U.S.C. § 2244(d)(1). Further, the Magistrate Judge determined Bailey failed to present any evidence of the diligent pursuit of his rights and that an extraordinary circumstance was present which prevented the timely filing of his Section 2254 Petition to warrant equitable tolling. (Doc. 12.) The Wilson and McKay decisions were handed down in 2011, and Bailey did not file the instant Petition until more than three (3) years' time after these decisions were issued and nearly two and one half (2 ½) years after the final disposition of his state habeas proceedings. For these reasons, this portion of Bailey's Objections is also **overruled**.

---

[4] Bailey faces a maximum sentence of life without the possibility of parole based on the offenses for which he was charged, including malice murder and felony murder. (Doc. 7-1, p. 9.)

CONCLUSION

Bailey's Objections, (doc. 14), to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The undersigned adopts the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. Respondent's Motion to Dismiss, (doc. 5), is **GRANTED**. Bailey's Motion to Grant Relief, (doc. 10), is **DISMISSED**. His Motion for Contempt, (doc. 11), is **DENIED**, and his Letter Motion, (doc. 10), is **DENIED AS MOOT**. Bailey's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal. This case is **CLOSED**.

**SO ORDERED**, this 18th day of May, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA